WILLIAM C. POWER AND CAROLYN A. POWER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Power v. Commissioner
Docket No. 5678-88
United States Tax Court
T.C. Memo 1990-583; 1990 Tax Ct. Memo LEXIS 658; 60 T.C.M. (CCH) 1237; T.C.M. (RIA) 90583; November 14, 1990, Filed *658 Decision will be entered under Rule 155. William C. Power, pro se. Sherri L. Feuer, for the respondent. PARR, Judge. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a $ 3,758.25 deficiency, a $ 187.91 addition to tax under section 6653(a)(1) for negligence, and an addition under section 6653(a)(2) of 50 percent of the interest *659 due on $ 3,758.25, against petitioners for their taxable year ending December 31, 1985. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are (1) whether petitioners are entitled to deduct (a) automobile expenses of $ 4,800, (b) utility expenses of $ 1,749.40, and (c) cost of goods sold totaling $ 12,490.60; (2) whether petitioners are liable for self-employment tax; and (3) whether petitioners are liable for the additions to tax under section 6653(a)(1) and (2). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and accompanying exhibits are incorporated herein. Petitioners are husband and wife and resided in Columbus, Ohio, at the time they filed their petition in this Court. Petitioners filed a joint Federal income tax return for taxable year 1985 with the Cincinnati Service Center, in Covington, Ky.
During 1985 petitioner William C. Power was self-employed as a hearing aid dealer and a ceramic wholesaler. Petitioner Carolyn *660 A. Power taught ceramic classes at First Community Village, a nursing home. Unless otherwise indicated all references to "petitioner" refer to William C. Power. Petitioner started his hearing aid business in or around 1965. During 1985 petitioner operated this business out of petitioners' seven-room home. However, he did not store any hearing aid inventory in the house, because most of the equipment was custom made. In 1985 petitioner advertised his hearing aid business in the Franklin County yellow pages. When petitioner received a call, he usually traveled to the customer's home, rather than have the customer come to his office. In pursuit of his business, petitioner often had to visit the same customer three times before he completed his job: first, to ascertain whether or not the customer was a candidate for his services; next, to deliver the customer's equipment/instrument to him; and last, to follow up on the client's progress with the instrument. Thus, petitioner traveled a great deal by car. During 1985 petitioner had approximately 300 hearing aid customers in Columbus, Newcomerstown, Canton, Marion, and Portsmouth, Ohio. However, he apparently always returned *661 to his home in Columbus to spend the night. Sometime in 1981 or 1982 petitioner entered in the wholesale ceramic business. This business was also operated out of petitioners' home. Petitioner kept an inventory of ceramic supplies in three rooms of the house, i.e., the basement, the garage, and the office. Additional inventory was kept in a 400-square-foot shed in the backyard. During 1985 petitioner delivered ceramic products to approximately 100 customers. During 1985 petitioner owned and used two cars in pursuit of his businesses. Petitioner claimed that he drove a total of 30,000 business miles during 1985. Using the standard mileage rate, petitioners claimed a $ 4,800 employee business expense deduction on their joint 1985 Federal income tax return. The Commissioner disallowed the deduction. On his Schedule C for 1985 petitioner reported $ 12,490.60 as the total cost of goods sold from his two businesses. Additionally, he deducted as business expenses one-seventh of all expenses of maintaining the house and 100 percent of the telephone expense. The telephone, however, was used for both personal and business purposes. The Commissioner disallowed all these deductions. *662 During 1985 petitioner Carolyn A. Power taught ceramic classes at First Community Village. She was hired by First Community Village as an independent contractor. Petitioner billed the nursing home for her services ($ 1.25 per patient she instructed), and for the costs she incurred purchasing the materials she provided to the patients. First Community Village paid petitioner a total of $ 948.10 during 1985. Petitioners reported $ 948.10 miscellaneous income on their joint 1985 return. They did not claim a deduction for the cost of the materials. Sometime in 1987 petitioners lost their home at a bank foreclosure. As a result, petitioners' tax records for the year in issue were lost or destroyed. Accordingly, they do not have most of the documentation needed to substantiate their 1985 expenses. OPINION Business Expense Deductions
The first issue is whether petitioners are entitled to deduct the automobile and utility expenses and the cost of goods sold claimed in 1985. Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioners bear the burden of proving their entitlement to the deductions. *663 Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a). In order for petitioners to be allowed a business deduction (1) the expenses must be ordinary and necessary and incurred in their trade or business (sec. 162); and (2) petitioners must maintain records sufficient to substantiate the deductions claimed (sec. 1.6001-1(a), Income Tax Regs.). See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Petitioner William C. Power testified that all personal tax records for 1985 were lost and/or destroyed when their house was foreclosed on by the bank. Therefore, they did not have any receipts to substantiate the disallowed expense deductions. In general, when a taxpayer's records have been lost or destroyed through circumstances beyond his control, he is entitled to substantiate the deductions by reconstructing his expenditures through other credible evidence. Watson v. Commissioner, T.C. Memo. 1988-29. Although we are not required to do so, we may accept credible testimony of a taxpayer to substantiate deductions when no further documentation is available. Petitioners, *664 however, did not seek third-party sources to help substantiate the deductions claimed on the return. Petitioner William C. Power testified that he "didn't know where to go." He also testified that they tried to locate any records they had relating to 1985, but were unable even to find their cancelled checks. We find petitioner William C. Power credible and his testimony straightforward, even though his memory is hazy on specific dates and amounts. Automobile
Petitioner used the standard mileage rate and 30,000 business miles to calculate his automobile expense deduction for 1985. See Rev. Proc. 85-49, 1985-2 C.B. 716. This optional method of computing transportation expenses relieves a taxpayer of accurately proving the amount of the expenditure. However, he must still prove the actual business miles driven in the year. Petitioner did not produce any records at trial. However, he estimated that he drove approximately 400 miles per week delivering ceramic materials to his clients, and that most of his clients were local. He also testified that he traveled at least twice to Canton, and at least once to Newcomerstown, Portsmouth, and Marion, Ohio, calling *665 on his hearing aid clients. Despite the general inadequacy of petitioner's evidence, we are convinced that he drove the automobiles for valid business purposes, and that he is entitled to a deduction. Respondent admits that petitioner was involved in two separate businesses. Therefore, using our best judgment on the basis of the record before us, we find that petitioner drove at least 15,000 local business miles during 1985. Accordingly, petitioners are entitled to a deduction of $ 3,150 for local automobile expenses. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). [1]
Utility
Although one-seventh of the household expenses may otherwise qualify as ordinary and necessary business expenses, petitioners failed to produce any records substantiating the actual expenses incurred. They could have contacted the utility companies and/or the bank *666 in order to establish the total amount expended during 1985. However, they did not. Without more, petitioners are not entitled to deduct any of the utility expenses. Accordingly, respondent's determination on this item is sustained. However, petitioner did not claim an expense deduction for advertising his hearing aid business in 1985. At trial he testified that he did advertise in the yellow pages at a cost of approximately $ 200. We believe petitioner advertised and, accordingly, we allow an additional $ 200 Schedule C deduction. Cost of goods sold
Petitioner reported $ 18,156.44 in gross receipts from his two businesses. He testified that the hearing aids cost him between $ 100 to $ 180 each, and that he sold them for $ 300 over his cost. He could not, however, remember exactly how many hearing aids he sold in 1985, but testified he sold just a few. He also testified that he had $ 30,000 worth of ceramic materials stored in the house and shed in 1985, and that between 40 and 60 percent of the total gross receipts represented sales of ceramic materials. It is clear that petitioner sold both hearing aids and ceramic materials during 1985 and should be entitled *667 to deduct his costs, and we compute his cost of goods sold to be $ 3,492. [2] We will not, however, estimate how many hearing aids he sold during 1985. Additionally, we find that petitioner Carolyn A. Power incurred expenses of approximately $ 212.85 in 1985 purchasing materials she provided to the First Community Village patients. These expenses were not deducted on petitioners' return and were sufficiently substantiated at trial. Accordingly, we conclude that petitioners are entitled to deduct $ 212.85 in 1985 as an ordinary and necessary business expense. Self-employment tax
Petitioners were self-employed. Accordingly, we agree with respondent that petitioners are liable for self-employment tax under section 1402(b). Negligence
The final issue is whether petitioners were negligent or intentionally disregarded the *668 rules and regulations, and thus are liable for the addition to tax under section 6653(a)(1). Respondent contends that petitioners are liable for the addition, because they failed to adequately substantiate the claimed deductions on their return. Petitioners bear the burden of proving that the underpayment was not due to negligence or intentional disregarded of the rules or regulations. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Rule 142(a). Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would exercise under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). See Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). We agree with respondent that petitioners failed to produce sufficient records for the year in issue substantiating their deductions. Their failure to produce sufficient records is understandable, since some of their personal records were lost in 1987. Petitioner William C. Power kept adequate records in 1985 on everything other than his automobile mileage. He also testified that *669 he would have brought his hearing aid sales records to trial if someone had asked him to do so. Moreover, he introduced his 1987 and 1988 returns and papers listing all his expenses and income for those years to show how petitioners determined their tax liability for 1985. We believe petitioner could have substantiated part of his Schedule C expenses had he understood that he had the burden of proof on that issue. It is clear he did not understand his responsibility. Although his lack of understanding is insufficient to prove entitlement to the deductions claimed, we believe petitioners kept adequate records, except on the automobile mileage. Accordingly, petitioners are liable under section 6653(a)(1) for negligence and under the limited facts of this case, we find petitioners liable under section 6653(a)(2) only on the portion of the deficiency attributable to the disallowed automobile deductions. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. See also Stuckey v. Commissioner, T.C. Memo. 1982-537; LeBeau v. Commissioner, T.C. Memo. 1980-570↩.
2. To arrive at that figure we determine petitioner had a 260-percent markup on all items he sold, and that 50 percent of the gross receipts represents sales of ceramic materials.↩